Good morning, Robert Hamilton for appellant Michael Nitschke. In this case, there's an issue that's a really narrow issue. It's unique circumstances, and it revolves around longstanding Supreme Court law about independent and adequate state grounds. In Coleman v. Thompson, the Supreme Court stated in habeas, if the decision of the last state court to which the petitioner presented his Federal claims barely appeared to rest primarily on resolution of those claims or to be interwoven with those claims and did not clearly and expressly rely on an independent and adequate state ground, a Federal court may address the petition. The Ninth Circuit has sort of summarized those two distinct possibilities into one and has said, look, if the state procedural rule relies on a consideration of the merits, it's not an independent decision. And that is what happened in this case. It's the Oregon court. You would agree that the issue was not preserved in the before the trial court. That's correct. It was not preserved. So it was raised for the first time on appeal, and Apprendi had came out while Mr. Nitschke was on appeal, and a number of gentlemen were on appeal when Apprendi came out and had gotten dangerous offender sentences. And you would agree that the preservation rule is well established in Oregon, correct? Yes. It was adequate. No dispute about that. It's just an issue of whether it was the ultimate decision here on, I guess, the exception to the rule was interwoven with Federal law. Is that correct? Correct. And especially as How does that touch on the underlying merits? Because the question was the clarity of Apprendi. And so the Oregon State court's plain error rule states that it has to be an error apparent on the face of the record. And then they also have, and this is important in this case because it's like many of the other cases that have been found to be independent, the State has discretion in this plain error rule based on the type of claim it is and whether it's of sufficient importance to allow plain error. So they have this discretionary safety valve that they can preserve their independence on, but they didn't use it in this case. Is that really discretion or is that the plain error rule? I mean, we have the plain error rule with regard to criminal prosecutions, too, and we wind up examining was the error such a whopper that it should have been apparent to everybody at the time or not. Well, in that sense, there's some consideration given to the substance of the problem, but I'm not sure that it's an issue of that makes it an issue of Federal law in this instance just because Apprendi happens to be a Federal constitutional decision. What was the Federal element that was at issue here? Well, the State v. Crane opinion at the State court level goes into the holding of Apprendi, looks at Apprendi, and the court specifically, they talk about the whole plain error rule and that they have the discretion not to consider it even if it's a Federal error and they don't go that route. They say it's on the face of the record. The only issue was the apparentness, and apparentness means that the legal issue is not reasonably in dispute. And to answer that question, the opinion talks at length about the holding in Apprendi, and at the end of the opinion, they say, well, it's not plain error because I'll read the specific language. So they say our conclusion that's – our conclusion in that regard disposes of both variations of defendant's plain error argument. Each of which depends either directly or as an underlying premise on the proposition that the due process clause, as applied in Apprendi, indisputably requires the State to plead and prove the dangerous offender factors. Because defendant is incorrect in that regard, his plain error argument must fail. This whole – the only reason he was not given review under plain error was because they didn't find Apprendi sufficiently clear to these facts. It was a heightened standard. They weren't ultimately deciding whether Apprendi would apply or not, but they were saying Apprendi was not sufficiently clear to these facts. And they're just deciding whether or not to invoke or to, you know, to rely on the preservation rule. Isn't that right? That was the only – that was the only question before them. Well, not – but in doing that, they are looking at the – they're considering the merits in deciding whether to make an ultimate decision on the merits. They're considering the merits. And in the 28J letter that was submitted – Are they considering the merits or are they considering the question whether the decision in Apprendi was so obvious that at the time of the trial, the trial court should have anticipated and applied that rule, that it was plain error not to have anticipated that rule? Well, Apprendi was decided after the trial, but he was still on direct appeal, and so the case law is that they're entitled to the holding. If your client's counsel had objected to the sentence saying that that's an issue that has to be sent to the jury, the issue would have been preserved. There was no such objection. Apprendi comes along and people discover, hey, this is a good objection. Can I raise it for the first time on appeal? That triggers the plain error rule, just as it would in a criminal prosecution in Federal court that we review directly. And in this case, the Oregon court looks at it and says, well, it wasn't a whopper. It wasn't something that was so obvious the party in the court should have understood it at the time. Apprendi wasn't fairly anticipated. Now, that deals with Apprendi in the Federal constitutional argument, but the question is not whether Apprendi is valid. Obviously, it's good law by the time the appeal comes along. The question is whether at the time of trial it was a plain error. And I'm not sure what the Federal element of that is. We apply plain error all the time in our cases. And I agree, and I'm asking that this question gets reviewed in the same context the State used and the Oregon courts used, a similar standard to the Federal plain error standard. And it is. The question is whether it was reasonably in dispute. And that's why I'm asking it to be considered under that question, but that considers the merits in the 28J letter, Sykes State case, State v. Caldwell. And in that case, it talks about this inherent tension between you're not supposed to consider the merits when you're considering plain error, but you have to consider the merits in order to determine whether the error was apparent. And that's the district court in this case, the magistrate's opinion also cites Caldwell, and Caldwell cites some other cases, but this is an ongoing issue that in order to determine apparentness, you have to look at the merits of the Federal claim, and you have to consider it, and you have to make they're making a decision on the clarity of that. And there's a lot of cases dealing with Judge Clifton, you're saying, determining whether it's a whopper of a claim. And that gets closer to what a number of these decisions that come through the circuit courts, and it's, you know, Bennett v. Mueller is a Ninth Circuit case that demonstrates it well. But in those cases, and Stewart v. Smith, the Supreme Court case, which the Respondent relies on, in those cases, those cases are sort of, they're assuming the correctness of Federal law, but they're determining whether to allow relief or to allow review based on the magnitude of the error. And they only refer to State law, and that's what the Supreme Court does in Stewart v.  But in determining the correctness of Federal law, this is about whether it was big enough to sort of affect the fairness of the trial, and it was of sufficient magnitude. That is not what's happening here. The Oregon court is not looking at the magnitude of the claim. They're looking at the obviousness of it. And that is a standard that this Court can apply, and it gives proper respect for the comedy and Federalism which is expressed in Coleman v. Thompson and a number of other cases. I'm not saying that because they, the decision was not independent of Federal law that we get to review on the merits right off the bat. I concede in the reply brief that to give proper respect for comedy and Federalism, that you look at it to the same extent that the State looked at it and decide if the State's interpretation of Apprendi was not accurate. So is your argument that because this case was pending on appeal, not yet final, that the clearly established law then before the State court that was presented on appeal was clearly established, that Apprendi was clearly established? That would be, so if we get past the independent and adequate State grounds and we get into 2254 D1, yes, because he was on direct appeal, he gets the benefit of Apprendi. And so therefore then it would be whether they unreasonably applied that clearly established, if they had gotten to the merit. And clearly contrary. There's actually Ninth Circuit cases on both prongs. And one, the Hawaii dangerous offender statute in Quai v. Frank. But it would have been, because the way the Supreme Court, Oregon Supreme Court, framed it, it was, it wasn't obvious in the division in the circuits and everything else like that. But at a minimum, Apprendi, while this case was pending, was clearly established. It was clearly established. And I think language in Apprendi, which courts go back to in the Ninth Circuit, they just go back to the original language of Apprendi and say, it's not reasonably in dispute on this type of statute. And, you know, on other things involving prior convictions, there may be some ambiguity, but that Apprendi was not reasonably in dispute. And if you look at the State's brief, it's in the supplemental excerpt of record, you see them talking about intrinsic elements versus extrinsic elements. And it's stuff the Ninth Circuit deals with in Quai v. Frank and says, no, Apprendi, that is not. But the – and when I say the State's brief, down at the post-conviction State level, it's in the supplemental excerpt of record. That's what they were arguing to the Oregon court of appeals, that it's like reading tea leaves. And it's not clear what Apprendi and the Supreme Court is going to do with these extrinsic versus intrinsic elements. And Apprendi was very clear on those points. On a – If the claim was procedurally defaulted, why didn't he raise cause and prejudice? He could. It was – he did not have a sufficient basis for cause and prejudice. So he relied just on the independent and adequate state grounds. Okay. Okay. Thank you. I'll reserve the rest of my time. May it please the Court, Counsel Aaron Lageson on behalf of the superintendent. I don't have a lot to add to my briefing in this matter, but I have two points. I think that one of the reasons that a state court's ruling on the merits of a federal constitutional issue that is intertwined with a procedural ruling can be reviewed in a federal court on review of a state court's ruling is that there is actually a ruling by the state court on the merits of a federal constitutional issue for a federal court to review. And that didn't happen here. There was no ruling on any federal constitutional issue by the Oregon state court when it determined that Petitioner's apprendi claim did not constitute plain error under ORAP 5.45. The ruling in – Petitioner argues that the ruling on apprendi's clarity was actually a ruling on federal law, and we disagree with that argument. The ruling on apprendi's clarity was an application of Oregon's plain error rules, an application and interpretation of ORAP 5.45. And the issue was whether the state of the law is sufficient to permit the Oregon appellate courts to review an unpreserved claim of error. So if the Supreme Court were to come along and decide that this violation that is not taking the sentencing enhancement to the jury was so obvious that at least in federal court it would be, as Judge Clifton said, a whopper. It would be clearly Supreme Court law that it was plain error. If the Supreme Court was of that view and disagreed with the Oregon Supreme Court that it wasn't plain, would that be binding on the Oregon Supreme Court in applying its rule? I don't think it would be. Fortunately, this is not pertinent to this case. I know it's not, but I'm trying to understand. What I'm trying to get at is what plainness are we looking at here? We're looking at, you know, what the Oregon courts require under ORAP 5.45. And to answer the question as to whether an error is plain enough to allow plain error review, the courts don't have to look at the merits of the claim. What the courts do is really, I think, more ministerial. It goes out, and like the court did here, is there a case that applies Apprendi to Oregon's dangerous offender statute? There was no case. This was a case issue of first impression, both in the Oregon courts and in the Supreme Court, which would be binding to it. The court surveys the arguments that are made by the parties in the brief. If those arguments reflect that there's a reasonable dispute about the issue, the court can say, look, based on this information about the claim, you know, the court's not resolving the merits of the claim itself. It's looking at the information that's out there about the claim, both in the case law and in the parties' briefs, and saying, you know, is this something that everybody should have known about, that the trial judge should have recognized to his fonte on his own, or is it something different than that? And if it's reasonably in dispute, based on the fact that there's no case out there on point, or that the parties' arguments reflect a reasonable dispute about the issue, then as a matter of, or at 5.45, as the Oregon courts apply it, it's not plain error. Okay. Unless there's any other questions that I can answer for you. I don't have anything else to add to my brief. All right. Well, thank you. I don't think there are any. What was the underlying constitutional claim here? It was a direct appeal claim that he had preserved that Apprendi, it was a due process Apprendi violation. Was he arguing that under Apprendi they had to prove, the State had to allege and prove, allege in the indictment the facts and have the jury determine the facts? Right. He had both of those claims. So it was both, it had to be in the indictment and it had to be proven beyond a reasonable doubt to a jury. Now, wasn't it, wasn't the court of appeal in Crane, I guess it was Crane, concerned about whether or not Apprendi actually applied to the requirement that you had to allege in the indictment? Right. That was part of their opinion. And they said, because if you had to allege in the indictment, it would be jurisdictional. So they dealt with that first. And then the second part of their opinion, they deal with the plein air argument. So they dealt with both aspects of that in Crane. And in Stewart v. Smith, the Supreme Court says, goes through the Ninth Circuit's standard when they talk about these are, in the state procedural default, was there a consideration of the merits? The Supreme Court does not rebuke the Ninth Circuit on that standard. And that standard appears in Park v. California and Vang. Was there a consideration on the merits? And they don't rebuke the Ninth Circuit on that. All they say in Stewart v. Smith is that you read, that the Ninth Circuit read, colorable claim out of context. They weren't referring to it as a comment on the merits of the claim. They were referring to it more in like a contextual, factual sort of way. And so in this case, there was a consideration on the merits. The State court procedural rule was not like the Arizona procedural rule where the Arizona Supreme Court said, oh, we look to State standards. Under the apparentness in the Oregon State court, appeals court, they look to the merits of the Federal claim and not to State law. Merits. Do they look to the merits in the sense of do we recognize the Federal claim? There seems to be no doubt that in Crane in particular, apprendi is accepted as a given. They don't dispute that Federal constitutional law, as expressed by the U.S. Supreme Court in Apprendi, applies. Their issue is, okay, before the Supreme Court announces Apprendi, was it obvious that that's what the law required? I'm not sure that's the same question as looking at the merits of the Federal law issue. And if you're saying State v. Crane says it? I'm thinking Crane is the most articulated explanation of why the State has drawn the line and said, in this circumstance, plain error, if it wasn't preserved at the trial level, we're not going to recognize it as plain error, even though by the time of the appeal, Apprendi is obviously the law that applies. I would disagree. I think it's an important distinction in the cases. And just quickly, State v. Crane does not assume the correctness of Federal law, and that's what differentiates it from cases like Campbell v. Burris in the Third Circuit, Bennett v. Mueller, I mean, Park v. California to Bennett v. Burris. Sotomayor, it does not accept Federal law. It does not accept the correctness of the Apprendi issue. They say we're not deciding, we're expressly not deciding whether Apprendi applies or not. And then they say it's reasonably in dispute. But that's an important distinction, and I hope if the Court will look at that, it distinguishes it from a lot of these cases that assume the correctness of Federal law. They do not assume the correctness of Federal law. And I would concede I'm in deep trouble if they concede, if they assume the correctness of Apprendi. Roberts, point to me what in Crane doesn't accept Apprendi as established law as of the time of Crane's announcement. Now, that's a different question than accepting Apprendi as established law at the time of the trial prior to Apprendi's announcement. Correct. I mean, they accept Apprendi as law. They don't – what I'm saying is they don't assume that Apprendi applies to the dangerous offender statute. Well, they don't say that. They say we're not sure how it might apply. Right, right. They don't decide the merits. They don't get to the question of the merits. That's very different than all these cases, Stewart v. Smith, Bennett v. Mueller, Campbell v. Burris. And in these other cases, all these category of cases, they assume that Federal law applies, and then they decide whether the magnitude of the claim is big enough that it creates some problem in the statute. Well, I think they can say here they assume that it applies here, that Apprendi applies. They just say it's not – just how it applies is not clear. That would be under their discretion. And Crane talks about there's a third part of the plein air rule on discretion where they can assume the correctness and that Federal law applies, but not exercise their discretion. They don't go that way. They expressly state in this opinion, we are not – we're not deciding whether Apprendi actually applies or not. We're just finding it's reasonably in dispute, and that's a comment on the clarity of Federal law. I'm sorry. I'm way over. Thank you. All right. Thank you, counsel. We appreciate the arguments. Nitsky v. Kalik is submitted.
judges: Fisher, Paez, Clifton